**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** <br>        **Plaintiff** <br><br>                    v. <br><br> **BRAND ENERGY & INFRASTRUCTURE SERVICES, INC.** <br> **BRAND SERVICES, LLC** <br> **BRAND ENERGY SOLUTIONS, LLC** <br> **BRAND SCAFFOLD SERVICES, LLC** <br><br>        **Defendants** | **CIVIL ACTION NO.** <br><br> **SECTION "____"** <br> **JUDGE** <br> **MAG.** |

### COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Ms. Jauronice Hayes ("Hayes"), and to other aggrieved individuals in like or related circumstances. The Commission alleges that Ms. Hayes was sexually harassed by Charles Julian, her supervisor. Ms. Hayes opposed and complained about the sexual harassment. The Commission further alleges that in retaliation for filing opposing and

complaining about the sexual harassment complaint, and because Ms. Hayes refused to accede to the demands for sexual favors, the Defendants fired Ms. Hayes.  The Commission's allegations are discussed in greater particularity in paragraph 7 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a..

2. Venue is proper in this Court pursuant to 42 U.S.C. § Section 2000e-5(f)(3).  The unlawful actions alleged herein occurred in the State of Louisiana.  Ms. Hayes suffered damages, as a result of Defendants' unlawful actions, within the territory of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 20003-5(f)(1) and (3).

4. At all relevant times, the following named Defendants, collectively referred to herein as the "Employer" or "Defendant," Brand Energy & Infrastructure Services, Inc. (a Delaware corporation), Brand Services, LLC (a Delaware corporation), Brand Energy Solutions, LLC (a Delaware corporation), and Brand Scaffold Services, LLC (a Delaware corporation), have continuously been doing business in the State of Louisiana and the City of New Orleans, and have continuously had at least 15 employees.

- 3 -

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Hayes filed a charge with the Commission alleging violations of Title VII by the Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September of 2007, Defendant has engaged in unlawful employment practices in the State of Louisiana, in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and §2000e-3(a). Specifically:

   A. While an employee of Defendant, Ms. Hayes was sexually harassed by her supervisor, Charles Julian. Said harassment included but was not limited to inappropriate sexual statements, requests / demands for sexual favors, sexual assault and battery, Julian's exposing his genitals to Ms. Hayes, conditioning of employment terms and status on provision of sexual favors, and inappropriate and unwarranted touching.

   B. Ms. Hayes anonymously complained about the sexual harassment to a company hot line. She also repeatedly opposed the sexual harassment and rejected Julian's sexual advances. Julian informed Ms. Hayes that if she did not have sex with him, she would be laid off. She refused. As a result of her complaint, her opposition of Julian's harassment, and her rejection of his sexual advances, Defendant terminated Ms. Hayes's employment. After Julian terminated Ms. Hayes, he called her several times to ask

whether she would have sex with him in order to get her job back. She continued to refuse Julian's demands for sex.

C. Defendant's unlawful sexual harassment of Ms. Hayes, and its unlawful retaliation against Ms. Hayes for activity protected by Title VII, constitute multiple, independently-actionable violations of Title VII.

D. In addition to Ms. Hayes, Julian also unlawfully sexually harassed at least one other female employee, in further violation of Title VII.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Ms. Hayes, and any other individuals in like or related circumstances, of equal employment opportunities and to otherwise adversely affect their status as employees, because of sex and opposition to practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to Ms. Hayes's federally protected rights.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminate on the basis of sex and retaliation.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs, and to take such actions, which provide equal employment opportunities for women and for employees who participate or oppose unlawful employment practices and which eradicate the effects of its past and present unlawful employment practices. Such relief might include, but not be limited to, training of employees concerning employment discrimination and equal employment opportunity; reporting to the EEOC of complaints, *vel non*, concerning sexual harassment or retaliation, for a specified period, to ensure compliance with Title VII; an injunction forbidding Defendant from re-employing the offending company official(s), *etc*.

C.  Order Defendant Employer to make Ms. Hayes, and any other individuals in like or related circumstances, whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including but not limited to compensatory and punitive damages.

D.  Order Defendant Employer to make Ms. Hayes, and any other individuals in like or related circumstances, whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to job search expenses in amounts to be determined at trial.

E.  Order Defendant Employer to make Ms. Hayes, and any other individuals in like or related circumstances, whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Ms. Hayes, and any other individuals in like or related circumstances, punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398

- 7 -

/s/ Gregory T. Juge
**GREGORY T. JUGE**
Senior Trial Attorney
La. Bar Roll No. 20890
**TANYA L. GOLDMAN**
Trial Attorney
No Bar Roll Number Assigned
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA  70112
Tel:   (504) 595-2878 (Main Legal #)
        (504) 595-2877 (Juge)
        (504) 595-2914 (Goldman)
Fax:   (504) 595-2886 or 589-6861
**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**REGISTERED AGENTS FOR SERVICE:**

**BRAND ENERGY & INFRASTRUCTURE SERVICES, INC.:**
   **CT CORPORATION SYSTEM**
   **5615 CORPORATE BLVD., STE 400B**
   **BATON ROUGE, LA 70808**

**BRAND SERVICES, LLC:**
   **CT CORPORATION SYSTEM**
   **5615 CORPORATE BLVD., STE 400B**
   **BATON ROUGE, LA 70808**

**BRAND ENERGY SOLUTIONS, LLC:**
   **CT CORPORATION SYSTEM**
   **5615 CORPORATE BLVD., STE 400B**
   **BATON ROUGE, LA 70808**

**BRAND SCAFFOLD SERVICES, LLC:**
   **CT CORPORATION SYSTEM**
   **5615 CORPORATE BLVD., STE 400B**
   **BATON ROUGE, LA 70808**